UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ira Mark Krasne, | Case No. 21-cv-746 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| The Mayo Clinic, et al. | |
| Defendants. | |

---

In this personal injury case, Plaintiff Ira Mark Krasne was injured in the shower while receiving inpatient rehabilitation treatment at Defendant The Mayo Clinic.[1] The shower chair central to his injury was allegedly designed and/or manufactured by Fort Metal Plastic Products (Huizhou) Co., Ltd. and distributed by Defendant Medical Depot, Inc. [Second Am. Compl. ¶ 10, Dkt. No. 35.] Mr. Krasne sued Mayo for negligence and medical negligence, and he sued Medical Depot and Fort Metal for negligence and products liability.

Mayo moved for partial summary judgment, contending that Mr. Krasne partially failed to establish an essential element of his case-in-chief (causation) through expert testimony. It seeks dismissal of his claims against Mayo as to any permanent, long-term, or chronic injuries. [Dkt. No. 76.] Medical Depot, Inc. joined Mayo's motion, and Fort Metal took no position on it. [*See* Dkt. No. 83.] For the reasons described below, the Court **DENIES without**

---

[1] Mr. Krasne sued The Mayo Clinic, Mayo Foundation for Medical Education and Research, and The Mayo Clinic Hospital – Rochester. This Order will refer to all defendants with Mayo in their names as the "Mayo Defendants" or just "Mayo."

1

**prejudice** the Motion for Partial Summary Judgment and gives Mr. Krasne 30 days to amend his expert disclosures as he sees fit.

**The Dispute**

In Minnesota, a plaintiff bringing a medical malpractice action must prove each essential element of their claim through expert testimony. *Dickhoff v. Green*, 836 N.W.2d 321, 329 (Minn. 2013). Those elements are (1) a professional standard of care applied to defendant's conduct; (2) the defendant breached that standard of care; (3) the breach caused the plaintiff's injuries; and (4) the plaintiff suffered damages.[2] *Id.* Mayo contends that Mr. Krasne failed to establish causation as to long-term injuries in his case-in-chief because he offered no expert testimony on that point. Although Mr. Krasne provided rebuttal expert disclosures which he claims comport with Fed. R. Civ. P. 26(a)(2)(C), Mayo Clinic argues those are insufficient to withstand summary judgment for two reasons.[3] First, Mayo alleges that the disclosures are untimely because they were made by the deadline for disclosure of rebuttal experts rather than experts as to an element of a party's case-in-chief. Second, Mayo argues

---

[2] The Supreme Court of Minnesota articulated these elements more specifically as: "(1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct, (2) that the defendant in fact departed from that standard, and (3) that the defendant's departure from the standard was a direct cause of [the patient's] injuries." *Id.* (quoting *Plutshack v. Univ. of Minn. Hosps.*, 316 N.W.2d 1, 5 (Minn. 1982)). Although this list does not expressly include damages, the Court stated in the next sentence that "causation and damages" are both "essential elements of every medical malpractice action." *Id.*

[3] According to Mr. Krasne's disclosures, Dr. James Gaede and Dr. Lee W. Erlendson, would testify "[i]n rebuttal of the opinions expressed by Mark J. Fallen, M.D." regarding their "care and treatment of Plaintiff including [their] opinion that Plaintiff continues to suffer from on-going pain and disability as a result of the genital injury he suffered at the Mayo Clinic." [Rebuttal Disclosures 2–3, Dkt. No. 80-7.]

2

that, even if they had been timely made, they are inadequate. Not only do they not comply with Rule 26(a)(2)(B)—which Mayo Clinic suggests should apply—but even under the lesser standard of Rule 26(a)(2)(C), they do not provide sufficient information about either doctor's opinions regarding causation of the long-term injuries about which Mr. Krasne complains.

Mr. Krasne responds that he did not need to disclose an opening expert as to causation because that element was admitted by Mayo's expert, Dr. Fallen, and he was in receipt of Dr. Fallen's report before his opening expert disclosures were due. Dr. Fallen stated in his report that it was his opinion "that the injury sustained on February 8, 2017, to Mr. Krasne's left testicle likely resulted in him having the noted intra-testicular hematomas" but that he did "not believe that his testicular injury is the cause of his chronic abdominal, groin, and testicular discomfort." [Dr. Fallen Report 36, Dkt. No. 80-5.] Instead, according to Mr. Krasne, at most he only needed to disclose experts as to longer-term injuries *after* Dr. Fallen's opinion made clear that Mayo was contesting causation only as to any ongoing symptoms. In addition, he disagrees with Mayo's reading of the requirement for expert testimony in general. Because, in his view, Mayo Clinic has "conceded causation," plaintiff's counsel can simply have Mr. Krasne himself testify regarding the longer-term damages and the fact that he is still experiencing pain several years after the initial injury involving the shower chair. Finally, Mr. Krasne requests that, if the Court agrees that the disclosures are inadequate, he be given an opportunity to provide more fulsome disclosures.

**Analysis**

The Court agrees in part with both sides in this disagreement. First, Mr. Krasne will need to do more than he has so far before he will be allowed to seek damages for injuries that

extend past August 2017, the date of the follow-up ultrasound that Dr. Fallen interpreted as showing resolution of the testicular hematomas. The Court has reviewed Dr. Fallen's expert report and finds that no factfinder could reasonably interpret it to admit causation as to Mr. Krasne's chronic or permanent injuries. While Dr. Fallen admitted that the shower-chair injury at Mayo caused Mr. Krasne's short-term injuries including hematomas, he expressly stated that he did *not* believe that injury was the cause of the "chronic abdominal, groin, and testicular discomfort." [Dr. Fallen Report 36, Dkt. No. 80-5.]

The Court also declines Mr. Krasne's invitation to conclude that he may establish causation for his longer-term injury claims through his testimony alone, as such an approach runs afoul of Minnesota authority. In *Erickson v. Klenck*, No. A19-0412, 2019 WL 3890409, (Minn. Ct. App. Aug. 19, 2019), the court held that a plaintiff could not prove proximate cause of his injuries in a slip-and-fall case through his testimony alone because the jury would need a medical opinion to understand his injuries. Here, Mr. Krasne must offer expert testimony to establish a connection between the shower-chair injury and his ongoing symptoms. And whether this is characterized as causation of longer-term injuries, as Mayo Clinic suggests, or evidence regarding the extent of damages, as Mr. Krasne argues, more is required.

But the Court also disagrees with Mayo Clinic's position that the appropriate remedy in these circumstances is to either grant summary judgment right now as to longer-term injury, or to exclude Mr. Krasne's expert testimony altogether. Although it finds Mr. Krasne's expert disclosures with respect to Dr. James Gaede and Dr. Lee W. Erlendson to be inadequate under Rule 26(a)(2), exclusion of Mr. Krasne's experts as to an essential element of his case-in-chief is heavy medicine. The Court has "broad discretion in maintaining compliance with discovery

4

and pretrial orders." *Cantrell v. Coloplast Corp.*, No. 22-2731, --- F.4th ---, 2023 WL 5114940, at *2 (8th Cir. Aug. 10, 2023). Indeed, in a very recent decision about expert disclosures in a case quite similar to this one, the Eighth Circuit affirmed the district court's decision to exclude testimony from the plaintiff's treating physicians. *Johnson v. Friesen*, No. 22-3335, --- F.4th ---, 2023 WL 5317123, at *1 (8th Cir. Aug. 18, 2023). However, the opinion noted that the Court had first given the plaintiff an opportunity to correct the inadequate disclosures before deciding to exclude the witnesses and award summary judgment to the defendant. *Id.* at *2. Following that course, the Court will allow Mr. Krasne to submit new disclosures for his experts.

Although Mayo argues that it would be unfairly prejudiced if the Court denies its summary judgment motion and allows Mr. Krasne to amend his disclosures, the Court finds that such prejudice is not so great as to control the outcome here. First, the Court disagrees that Mayo was subject to significant undue surprise. Not only did Mayo Clinic possess the medical records from the two treating physicians at issue, but it also had the chance to depose Mr. Krasne twice, and one of those opportunities was prior to the expert disclosures. It comes as no surprise that Mr. Krasne claims he is still experiencing symptoms which he attributes to the shower-chair injury, and that he is still receiving treatment for those symptoms: both the ongoing treatment records and the deposition make that clear. Although Mayo asserted at the hearing that their entire approach to discovery in this case would have been different had Mr. Krasne handled the disclosures differently, it appears that much of the discovery stage would have proceeded in a similar manner to how it actually occurred. Nonetheless, the Court agrees that Mayo should have the opportunity to propose modest adjustments to the schedule or to

seek focused and narrowly tailored additional discovery to mitigate any prejudice to the Mayo Defendants.

The Court concludes Mr. Krasne shall be given an opportunity to cure the deficiencies in his disclosures before the Court reaches such an extreme remedy as exclusion. He may amend the disclosures as he sees fit, including demarcating them as primary experts as opposed to rebuttal experts in light of the Court's holding that he cannot establish causation for ongoing injuries through his testimony alone. Further, Mr. Krasne must evaluate whether to have Dr. Gaede and Dr. Erlendson submit written reports as part of his amended disclosures. In *Johnson v. Friesen*, the Eighth Circuit discussed whether a treating physician who will testify about the causation of a plaintiff's injuries should be subject to the more stringent disclosure requirements of Rule 26(a)(2)(B) (requiring a written report) or the lesser requirements of Rule 26(a)(2)(C) (requiring a "considerably less extensive" summary of the opinions to which the witness will testify). 2023 WL 5317123, at *2–3. The court concluded that the dividing line is *when* the treating physician made a determination about the cause of the plaintiff's injury: if the physician did not form an opinion about causation "in the course of providing treatment," they should be treated as a retained expert under Rule 26(a)(2)(B) and submit a written report. *Id.* at *3. In *Johnson*, the treating physician who would testify about causation formed his opinion after the plaintiff's counsel wrote to him requesting it, and after the physician then spent several months reviewing the plaintiff's medical records. *Id.* at *3. This demonstrates that whether a plaintiff's disclosures must include a written report from a treating physician depends upon the facts of each case, and thus it is up to Mr. Krasne to decide what additional disclosures are needed to meet the requirements of Rule 26(a)(2) in this case.

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Mayo's Motion for Partial Summary Judgment [Dkt. No. 76] is **DENIED without prejudice,**

2. Medical Depot's Motion for Joinder in Mayo's Motion [Dkt. No. 83] is **DENIED as moot** because the Court denied Mayo's motion, and

3. Mr. Krasne is granted 30 days from the date of this order to supplement his expert disclosures as to Dr. James Gaede and Dr. Lee W. Erlendson as he sees appropriate.

4. Mayo Clinic may seek the opportunity to conduct additional targeted discovery if necessary in light of the revised disclosures. The parties should contact Magistrate Judge Wright regarding any modifications to the schedule.

Date: August 24, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　s/ *Katherine Menendez*
　　　　　　　　　　　　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge